# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **HECTOR RUBEN MCGURK,** | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. CIV-14-48-F ) |
| **J. FOX, Warden,** | ) ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

Hector Ruben McGurk, a federal inmate proceeding pro se, seeks a writ of habeas corpus under 28 U.S.C. § 2241. *See* Pet. (Doc. No. 1) at 1-2.[1] United States District Judge Stephen P. Friot has referred this matter to the undersigned for initial proceedings in accordance with 28 U.S.C. § 636. As outlined herein, the undersigned recommends that the Petition be dismissed without prejudice for lack of jurisdiction.

## Background

In April 2005, a federal jury in the United States District Court for the Western District of North Carolina convicted Petitioner of conspiring to possess with intent to distribute at least 1000 kilograms of marijuana, in violation of 21 U.S.C. §§ 841 and 846, and conspiring to commit money laundering, in violation of 18 U.S.C. § 1956.[2] *United*

---

[1] References to Petitioner's filings use the page numbers assigned by the Court's electronic filing system.

[2] Petitioner was convicted of these two conspiracy offenses after a second trial. The jury at Petitioner's first trial in December 2004 deadlocked on the conspiracy charges (Counts One and Three) and acquitted Petitioner on one count of conspiring to import marijuana into the United States (Count Two). The district judge presiding over that trial granted

1

*States v. McGurk* (*McGurk I*), 290 F. App'x 585, 586-87 (4th Cir. 2008). The presiding district judge sentenced Petitioner to life in prison. *See id.* at 587. The U.S. Court of Appeals for the Fourth Circuit affirmed Petitioner's convictions and sentence in August 2008. *Id.* at 589.

Petitioner's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 was denied on summary judgment. *McGurk v. United States* (*McGurk II*), Nos. 3:02-cr-190; 3:09-cv-312, 2012 WL 3762459, at *1 (W.D.N.C. Aug. 29, 2012). The presiding district judge explained that Petitioner's "wholly convoluted and thoroughly meandering" arguments for postconviction relief were "nothing short of an attack on the evidence presented" at trial, which the Fourth Circuit had already found sufficient to support Petitioner's conspiracy convictions. *Id.* at *2, *7; *see also id.* at *5 ("What Petitioner has really endeavored to do throughout his 200-plus page Section 2255 motion, and his 45 page response to the Government's response, is to challenge the sufficiency of the evidence which the jury relied upon to convict him at trial."). The Fourth Circuit denied Petitioner's application for a certificate of appealability in March 2013. *See United States v. McGurk*, 514 F. App'x 404 (4th Cir. 2013).

---

Petitioner's motion for judgment of acquittal on eight counts related to witness tampering. *McGurk v. United States*, Nos. 3:02-cr-190; 3:09-cv-312, 2012 WL 3762459, at *3 (W.D.N.C. Aug. 29, 2012).

Petitioner filed his pending habeas Petition in this Court on January 15, 2014.[3] Liberally construed, Petitioner's 300-plus page habeas Petition and supporting briefs present four broad arguments challenging the legality of his detention under 28 U.S.C. § 2241(c)(3):

1. The evidence presented at trial was not sufficient to sustain Petitioner's convictions;

2. The government suppressed material evidence and suborned perjury, in violation of the Fifth Amendment's due process protections;

3. Trial counsel's multiple failures violated Petitioner's Sixth Amendment right to effective assistance of counsel; and

4. Petitioner's term of imprisonment violates the Eighth Amendment ban on cruel and usual punishments.

*See generally* Pet.; Pet'r's Mem. in Supp. (Doc. No. 2) at 23-38 (insufficient evidence), 45-51 (government suborned perjury), 89-101 (counsel did not challenge admission of certain evidence), 102-09 (counsel did not challenge indictment as facially defective), 114-81 (alleging ineffective assistance of trial counsel generally), 211-16 (counsel did not timely file a motion for judgment of acquittal), 220-21 (counsel did not request a specific jury instruction), 222-32 (government suppressed impeachment evidence); Pet'r's Suppl. Br. (Doc. No. 13-2) at 22-23 (excessive sentence).

For example, Petitioner asserts that "[t]he government solely relied on the 'word' and 'veracity' of its cooperating witnesses' *uncorroborated* testimony to prove its case against [him]." Pet'r's Mem. in Supp. at 25. As in his § 2255 motion, Petitioner then

---

[3] At that time, Petitioner was incarcerated at FCI-El Reno, which is in the Western District of Oklahoma. He has since been transferred to USP-Hazelton in Bruceton Mills, West Virginia. *See* Notice of Address Change (Doc. No. 11).

"launches into descriptions . . . [of] the evidence presented at trial" and "lengthy, rambling arguments" about why the jury should not have believed (or even considered) that evidence. *McGurk II*, 2012 WL 3762459, at *4, *6; *see, e.g.*, Pet'r's Mem. in Supp. at 25-38, 39-50, 57-89, 93-97, 100-01, 104-09, 116-22, 211-18, 219-21. And, although he does not admit it, each habeas argument very closely resembles an argument that Petitioner raised unsuccessfully on direct appeal or in his § 2255 motion. *See McGurk I*, 290 F. App'x at 587-88 (rejecting Petitioner's arguments about the government's alleged suppression of impeachment evidence, the sufficiency of the evidence, and his term of imprisonment); *McGurk II*, 2012 WL 3762459, at *3-7 (rejecting Petitioner's arguments about trial counsel's performance, the government's conduct, a defective indictment, and the sufficiency of the evidence). Petitioner asserts that he is now "challenging his conviction under § 2241" because "th[e] § 2255 remedy was inadequate or ineffective to correct an apparent fundamental miscarriage of justice" in his case. Pet'r's Mem. in Supp. at 233.

## Screening Requirement

The Court is required to review habeas petitions promptly and to dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."[4] R. 4, R. Gov. § 2254 Cases in U.S. Dist. Cts.

## Discussion

---

[4] "The district court may apply any or all" of the rules governing § 2254 cases to a habeas petition brought under § 2241. R. 1(b), R. Gov. § 2254 Cases in U.S. Dist. Cts.; *see also Boutwell v. Keating*, 399 F.3d 1203, 1211 n.2 (10th Cir. 2005) ("The District Court . . . acted within its discretion by applying the Section 2254 Rules to this § 2241 petition.").

4

*A. Standard*

"[A] federal prisoner's attempt to attack the legality of his conviction or sentence generally must be brought under [28 U.S.C.] § 2255, and in the district court that convicted and sentenced him . . . ." *Prost v. Anderson*, 636 F.3d 578, 581 (10th Cir. 2011). Section 2255 typically gives a federal prisoner "one adequate and effective opportunity to test the legality of his detention"—i.e., "in his initial § 2255 motion." *Id.* (emphasis omitted). If that challenge fails, as Petitioner's did, then the prisoner cannot file a "second or successive" § 2255 motion in the district court unless "a panel of the appropriate court of appeals" certifies that the motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h) (citing 28 U.S.C. § 2244). District courts typically "do[] not even have jurisdiction to deny the relief sought" in a prisoner's subsequent collateral attack on his federal conviction or sentence. *United States v. Nelson*, 465 F.3d 1145, 1148 (10th Cir. 2006); *see also Abernathy v. Wandes*, 713 F.3d 538, 557 (10th Cir. 2013) (citing 28 U.S.C. § 2255(e)).

Section 2255(e)'s so-called savings clause carves out one "extremely limited" exception to this rule: "[A] prisoner may bring a second or successive attack on his conviction or sentence under 28 U.S.C. § 2241, without reference to § 2255(h)'s restrictions[,]" "if he can show that 'the remedy by motion' provided by § 2255 is itself

5

'inadequate or ineffective to test the legality of his detention.'" *Prost*, 636 F.3d at 584 (quoting 28 U.S.C. § 2255(e); *Caravahlo v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999)). A habeas petition filed under § 2241, which "must be filed in the district where the prisoner is confined," generally "attacks the execution of a sentence rather than its validity." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). "It is not an additional, alternative, or supplemental remedy to 28 U.S.C. § 2255." *Id.* ("The exclusive remedy for testing the validity of a [federal] judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255."). Thus, it is Petitioner's burden to establish that his case falls within the "extremely limited" confines of § 2255(e)'s savings clause, and that his § 2241 petition is not just an attempt to circumvent the statutory "presumption of finality attaching to his conviction." *Prost*, 636 F.3d at 584; *accord DeWilliams v. Davis*, 369 F. App'x 912, 914 (10th Cir. 2010).

The U.S. Court of Appeals for the Tenth Circuit has "allowed resort to § 2241 sparingly, only when an adequate or effective means for testing a § 2255 [motion] was genuinely absent." *Prost*, 636 F.3d at 588. Indeed, the *only* relevant "metric for measuring savings clause claims" is whether the "petitioner's argument challenging the legality of his detention could have been tested in an initial § 2255 motion. If the answer is yes, then the petitioner may not resort to the savings clause and § 2241." *Id.* at 584; *see also Brace v. United States*, 634 F.3d 1167, 1170 (10th Cir. 2011) (noting that the *Prost* Court "explicitly declined to adopt" any other metric).

B. Petitioner's Pleading

As summarized above, Petitioner makes four broad arguments challenging his convictions and sentence. *See generally* Pet'r's Mem. in Supp. at 23-38 (insufficient evidence); 45-51, 222-32 (government misconduct); 89-101, 102-09, 114-81, 211-16, 220-21 (ineffective assistance of trial counsel); Pet'r's Suppl. Br. at 22-23 (excessive sentence). Petitioner does not—and cannot, reasonably—contend that these arguments could not have been tested in his initial § 2255 motion in the sentencing court. Instead, Petitioner asserts without explanation that his case presents an "apparent fundamental miscarriage of justice that must be redressed." Pet'r's Mem. in Supp. at 233.

Relevant to this alleged "miscarriage of justice," some courts have held that § 2255(e)'s savings clause encompasses *some* habeas claims based on actual innocence. *See, e.g.*, *Reyes-Requena v. United States*, 243 F.3d 893, 902-04 & n.20 (5th Cir. 2001) (holding that the savings clause "applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion"). The Tenth Circuit, however, has "explicitly declined to adopt" such an actual-innocence savings clause test. *Brace*, 634 F.3d at 1170.

The nature of Petitioner's arguments—each of which he has raised before—reflects that Petitioner is trying to use his § 2241 Petition to circumvent § 2255's express restrictions on successive motions simply because he disagrees with the sentencing court's decision that Petitioner was not entitled to postconviction relief under § 2255(a). Pursuant to Tenth Circuit authority, Petitioner is not entitled to invoke § 2255(e)'s

7

savings clause on this basis, and this Court lacks statutory jurisdiction to consider Petitioner's habeas claims. *See Abernathy*, 713 F.3d at 557-58; *Prost*, 636 F.3d at 584-85.

The remaining question is how to dispose of the matter. A district court faced with a § 2241 petition that, "despite its label, . . . is clearly a second or successive § 2255 motion" may dismiss the action for lack of statutory jurisdiction or transfer the action to the appropriate court of appeals for authorization under 28 U.S.C. § 2255(h), if transfer is in the interest of justice.[5] *Copeman v. Bragg*, 383 F. App'x 713, 715-16 (10th Cir. 2010) (citing *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008)); *see also Abernathy*, 713 F.3d at 543-44, 557 (holding that the district court did not err in sua sponte dismissing § 2241 petition where the petitioner "fail[ed] to establish that he . . . satisfied § 2255(e)'s savings clause test"); 28 U.S.C. § 1631. "A transfer is not in the interest of justice when the claims raised in the successive petition clearly do not meet the requirements set forth in 28 U.S.C. § 2255(h)."[6] *United States v. Whitehorse*, 354 F. App'x 317, 318 (10th Cir. 2009) (citing *In re Cline*, 531 F.3d at 1252).

---

[5] This Court lacks statutory jurisdiction regardless of whether Petitioner's pleading is construed as a habeas petition under § 2241 or as an unauthorized second or successive motion under § 2255. *See Abernathy*, 713 F.3d at 557 ("[W]hen a federal petitioner fails to establish that he has satisfied § 2255(e)'s savings clause test—thus, precluding him from proceeding under § 2241—the court lacks statutory jurisdiction to hear his habeas claims."); *Haugh v. Booker*, 210 F.3d 1147, 1150 (10th Cir. 2000) ("Because a section 2255 motion must be brought in the district which the defendant was sentenced, the district court here lacked jurisdiction.").

[6] Other factors bearing on the interest-of-justice analysis include whether the petitioner's "claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on

Petitioner's pleading "fails on its face to satisfy" either of the requirements set forth in 28 U.S.C. § 2255(h) for authorization by a court of appeals. *In re Cline*, 531 F.3d at 1252. Even when liberally construed, none of Petitioner's arguments suggest that he is relying on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court," that was previously unavailable to him. 28 U.S.C. § 2255(h)(2); *see* Pet.; Pet'r's Mem. in Supp.; Pet'r's Suppl. Br. Petitioner does assert that his voluminous pleading contains "a vast amount of irrefutable exculpatory facts and evidence *not presented at trial*" "affirmatively establish[ing] that no reasonable jurors properly instructed would have found [Petitioner] guilty" of either conspiracy. Pet'r's Mem. in Supp. 216-17, 218. But Petitioner never clearly identifies this evidence, let alone suggests that it is "*newly discovered* evidence that, if proven and viewed in light of evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [Petitioner] guilty of the offense[s]" for which he is in custody.[7] 28 U.S.C. § 2255(h)(1) (emphasis added); *see* Pet.; Pet'r's Mem.

---

the other hand, it was clear at the time of filing that the court lacked . . . jurisdiction" to consider the petitioner's request for relief. *In re Cline*, 531 F.3d at 1251.

[7] Although Petitioner generally contends that he is "actually innocent" of conspiring to possess with intent to distribute marijuana, he asserts that this is so only because the trial court improperly admitted evidence of Petitioner's role in a "second *uncharged* drug conspiracy." *See* Pet'r's Mem. in Supp. at 211-17. The sentencing court rejected a similar argument in denying Petitioner's initial § 2255 motion. *See McGurk II*, 2012 WL 3762459, at *6 ("The jury's verdict sheet makes plain that the fact finders considered Count One, the conspiracy to possess with intent to distribute marijuana, and found sufficient evidence to return a verdict of guilty."). Petitioner also contends that he is "actually innocent" of conspiring to launder money only because, according to Petitioner, "the government *completely failed* to present a single *financial record* to corroborate the testimony of its cooperating witnesses" and instead relied solely on those "witnesses'

in Supp.; Pet'r's Suppl. Br. Transferring the matter to the U.S. Court of Appeals for the Fourth Circuit for authorization would be futile and only waste judicial resources.[8] *See Haugh*, 210 F.3d at 1150.

RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. No. 1) be DISMISSED without prejudice for lack of jurisdiction.

NOTICE OF RIGHT TO OBJECT

Petitioner is advised of the right to file an objection to this Report and Recommendation with the Clerk of this Court by December 16, 2015, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Petitioner is further advised that

---

word and veracity to prove the money laundering charges against" Petitioner. Petr'r's Mem. in Supp. at 217-18 (internal quotation marks omitted). The Fourth Circuit rejected Petitioner's sufficiency-of-the-evidence argument on direct appeal. *McGurk I*, 290 F. App'x at 587. Moreover, the 135 exhibits that Petitioner attached to his pleading all appear to contain evidence that was, or could have been, presented either at Petitioner's April 2005 jury trial or with Petitioner's initial § 2255 motion, which was filed in July 2009. *See generally* Pet'r's Exs. 1 to 83 (Doc. No. 2-1); Pet'r's Exs. 84 to 121 (Doc. No. 2-2); Pet'r's Exs. A to M (Doc. Nos. 13-3 to 13-15).

[8] Additionally, Petitioner states that he is "challenging his conviction under § 2241" *because* he is "otherwise barred from filing a second or successive § 2255 [m]otion" and he believes that the remedy in § 2255 was "inadequate or ineffective" to test the legality of his detention. *See* Pet'r's Mem. in Supp. at 233. This does not necessarily mean that Petitioner filed his § 2241 Petition in bad faith, of course. But such a statement does reflect Petitioner's decision to pursue one clearly defined procedural route over another. *Cf. In re Cline*, 531 F.3d at 1252 ("[I]t is by now well-established that under the plain language of §§ 2255(h) and 2244(b)(3), prisoners must first obtain circuit-court authorization before filing a second or successive habeas claim in district court."). This Court's obligation to liberally construe Petitioner's pro se pleading stops when it "begin[s] to serve as his advocate," *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009), by putting Petitioner on a road that he chose not to travel.

failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the present case.

ENTERED this 25th day of November, 2015.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE